**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0476-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICKEY H. WILLIFORD, a/k/a
RICKEY H. WILLIFORD, JR.,
a/k/a RICKY H. WILLIFORD,

    Defendant-Appellant.

_____

Submitted April 4, 2017 — Decided  April 20, 2017

Before Judges Fisher and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-12-0973.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank J. Pugliese, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher S. Porrino, Attorney General, attorney for respondent (Jennifer E. Kmieciak, Deputy Attorney General, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Rickey H. Williford appeals from his conviction, after a jury trial, of unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and doing so as a certain person not to have weapons, N.J.S.A. 2C:39-7(b) — both second-degree crimes. His sole point on appeal is that a 2013 gun amnesty statute made his conduct lawful. He contends:

> POINT I
>
> MR. WILLIFORD WAS CONVICTED OF CONDUCT THAT DID NOT CONSTITUTE A CRIME AT THE TIME, THUS HIS CONVICTION IS ILLEGAL AND SHOULD BE VACATED.
>
> A) The Plain Language of the Amnesty Law Establishes that Defendant Committed No Crime on December 17, 2013.
>
> B) Mr. Williford was Precluded from Complying with the Terms of the Amnesty Law Following his Unlawful Arrest on December 17, 2013.

Defendant's argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We add the following brief comments.

The statute upon which defendant relies states:

> Any person who has in his possession a handgun in violation of subsection b. of [N.J.S.A.] 2C:39-5 . . . on the effective date of this act [August 8, 2013] may retain possession of that handgun . . . for a period of not more than 180 days after the effective date of this act. During that time period, the possessor of the handgun . . . shall:

> (1) transfer that firearm to any person lawfully entitled to own or possess it; or
>
> (2) voluntarily surrender that firearm pursuant to the provisions of [N.J.S.A.] 2C:39-12.
>
> [L. 2013, c. 117, § 1.]

Under N.J.S.A. 2C:39-12, a person will not be held criminally liable for possessing a firearm "if after giving written notice of his intention to do so . . . he voluntarily surrendered the weapon[.]"

Defendant had the burden to prove the amnesty law applied to him, as it was in his interest to do so, and the amnesty law did not create an element of the offenses charged. See N.J.S.A. 2C:1-13(d) (stating that the burden of proof for a finding of fact, which is not an element of the offense, rests on the party whose interests will be furthered if the finding were made). He failed to do so.

According to the statute's plain language, see In re Kollman, 210 N.J. 557, 568 (2012) (stating if the statute's plain language is clear, the court's interpretative task is complete), the amnesty law applies only to persons in possession of a weapon on the effective date. See State ex rel. C.L.H.'s Weapons, 443 N.J. Super. 48, 56 (App. Div. 2015). Here, defendant was charged and convicted of possessing a semi—automatic handgun on December 17,

2013. Defendant presented no evidence that he possessed the firearm on August 8, 2013. Additionally, defendant did not provide written notice to authorities, nor did he voluntarily surrender his handgun. We have noted that the statute was not intended to shield from prosecution a person who "voluntarily surrender[s]" a weapon only "after it has already been seized" by authorities. Id. at 56-57. In sum, the amnesty law provides defendant no refuge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0476-15T4